19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee BOLES, Jr.; Plaintiff-Appellant,
Lee Lawrence; Arzell Jones; Warren Lewis; Ivory Sharp-X;
Roger Wilson; Yusuf Ali Hightower; Thor Buggs;
Lamar Carter-X; John Frost-X; Wayne
Boyd, Plaintiffs,
v.
Robert E. LECUREUX; Lou Markstorn; Mike Ojala; Neil
Moran; German, Sgt.; Lt. Quigley, Defendants-Appellees.
 No. 93-2156.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Robert Lee Boles, Jr., a pro se Michigan state prisoner, appeals a district court grant of summary judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Boles and ten other inmates brought this action against six employees of the Michigan Department of Corrections seeking monetary, declaratory and injunctive relief. The plaintiffs, who are members of the Melanic religion, alleged that the cancellation of their Saturday service on two occasions and of their Monday prayer meeting on one occasion violated their First Amendment right to worship and the Equal Protection Clause. During the course of the lawsuit, the attorney general's office furnished the plaintiffs with a response to a discovery request. The defendant warden, upon realizing that the response contained call out sheets and schedules that he felt would be a threat to prison security, ordered the material confiscated. When plaintiffs objected, the magistrate judge ordered the challenged material submitted to him for in camera review. Plaintiffs then moved to amend their complaint to allege that this confiscation violated their rights to due process and access to the courts and was done in retaliation for filing this suit. The magistrate judge recommended that defendants be granted summary judgment on all claims. The district court adopted this recommendation over plaintiffs' objections. Boles then filed a notice of appeal. He raises the same issues in his brief.
 
 
 4
 Upon review, we conclude that defendants were properly granted summary judgment, as the plaintiffs failed to demonstrate that there was a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).
 
 
 5
 Defendants demonstrated that the two cancellations of Melanic Saturday services were due to negligent errors in scheduling that resulted in a conflict and that the cancellation of one Monday evening prayer meeting was due to a lack of available staff to supervise the meeting. Plaintiffs failed to come forward with any evidence that the cancellations were intentional attempts to deprive them of the right to worship or to discriminate against them. The occasional cancellation of prison religious services because of scheduling conflicts or a lack of mandatory supervision does not violate the Constitution. See Hadi v. Horn, 830 F.2d 779, 784-88 (7th Cir.1987).
 
 
 6
 Plaintiffs did not state a due process claim with regard to the confiscation of the discovery material, as they failed to show that state post-deprivation remedies were inadequate. See Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). The confiscation did not deny them access to the courts, as the disputed material was submitted for in camera review and simply failed to support their claims. Finally, their claim of retaliation was both illogical and conclusory.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation